UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| DAVID W. PETERSON, | CASE NO. C24-697 JNW |
| Plaintiff, | ORDER GRANTING MOTION TO DISMISS |
| v. | |
| MICHAEL C. SUBIT and FRANK FREED SUBIT & THOMAS LLP, | |
| Defendants. | |

This matter comes before the Court on Defendants' Motion to Dismiss. (Dkt. No. 11.) Having reviewed the Motion, Plaintiff's Response (Dkt. No. 13), the Reply (Dkt. No. 14), and all supporting materials, the Court GRANTS the Motion and DISMISSES this action.

**BACKGROUND**

Plaintiff David Peterson pursues legal malpractice claims against Defendants Michael Subit and the law firm Frank, Freed, Subit, & Thomas LLP. (Complaint (Dkt. No. 1).) Peterson

1    alleges that Subit failed to diligently represent him in an action Peterson commenced to obtain

2    withheld wages. (Id. at 5-6.)

3         Because Defendants' Motion attacks the timeliness of Peterson's complaint, the Court

4    reviews the allegations concerning the statute of limitations. Peterson alleges that "the injury

5    cannot have occurred before the court of appeals issued their order on June 28, 2021, because

6    until that date I was relying on Mr. Subit's professional skill and experience to prevail in

7    prosecuting my case." (Id. at 10.) Peterson alleges further that Subit's "continuous representation

8    lasted until at least August 5, 2021" and that "[t]he Statute of Limitations [Wash. Rev. Code §

9    4.16.080(3)] would therefore expire on August 5, 2024, three years from the last date Mr. Subit

10   represented me, but no earlier than June 28, 2024, three years from the date the injury was

11   discovered." (Id. at 10-11.)

12        Peterson filed the present lawsuit on May 17, 2024, and summons were issued on May

13   20, 2024. (Dkt. Nos. 1, 4.) Counsel for Defendants filed a notice of appearance on May 24, 2024,

14   which was done "without waiving objections as to improper service, jurisdiction and venue[.]"

15   (Dkt. No. 5.) Counsel also noted that he would accept service of "all further pleadings, notice,

16   documents, or other papers, exclusive of original process[.]" (Id.) In the Joint Status Report filed

17   by the Parties on July 29, 2024, Defendants again noted that they contested service. (Dkt. No. 9

18   at 6.) Defendants then filed their Motion to Dismiss, challenging the timeliness of the Complaint

19   on December 16, 2024. (Dkt. No. 11.) Although Defendants do not state Peterson failed to serve

20   them, they maintain in their motion that "to date, no Declarations of Service have been filed."

21   (Mot. at 2.)

22

23

24

1

## ANALYSIS

2

**A.    Legal Standard**

3    Defendants move for dismissal under Federal Rule of Civil Procedure 12(b)(6). Rule

4  12(b)(6) permits the Court to dismiss a complaint for "failure to state a claim upon which relief

5  can be granted." Fed. R. Civ. P. 12(b)(6). In ruling on a motion to dismiss, the Court must

6  construe the complaint in the light most favorable to the non-moving party and accept all

7  well-pleaded allegations of material fact as true. Livid Holdings Ltd. v. Salomon Smith Barney,

8  Inc., 416 F.3d 940, 946 (9th Cir. 2005); Wyler Summit P'ship v. Turner Broad. Sys., 135 F.3d

9  658, 661 (9th Cir. 1998). Dismissal is appropriate only where a complaint fails to allege "enough

10 facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S.

11 544, 570 (2007). A claim is plausible on its face "when the plaintiff pleads factual content that

12 allows the court to draw the reasonable inference that the defendant is liable for the misconduct

13 alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

14    In addition to Rule 12(b)(6), the Court considers Defendants' Motion under Rule

15 12(b)(5), because it challenges the adequacy of service of process. "[S]ervice of summons is the

16 procedure by which a court having venue and jurisdiction of the subject matter of the suit asserts

17 jurisdiction over the person of the party served." Miss. Publ'g Corp. v. Murphree, 326 U.S. 438,

18 444–445 (1946). "Before a federal court may exercise personal jurisdiction over a defendant, the

19 procedural requirement of service of summons must be satisfied." Omni Capital Int'l, Ltd. v.

20 Rudolf Wolff & Co., Ltd., 484 U.S. 97, 104 (1987). If a defendant challenges service, the

21 plaintiff bears the burden of establishing that service was valid. See Brockmeyer v. May, 383

22 F.3d 798, 801 (9th Cir. 2004). If a district court finds service of process to be insufficient, it has

23

24

1    the discretion to either dismiss the claims against the moving defendant or to quash service. <u>See</u>

2    <u>S.J. v. Issaquah Sch. Dist. No. 411</u>, 470 F.3d 1288, 1293 (9th Cir. 2006).

3    **B.      Peterson's Claims Are Untimely**

4           The Court agrees with Defendants that Peterson's claims are barred by the statute of

5    limitations and may not proceed.

6           To determine the proper statute of limitations, the Court must apply Washington law

7    because Peterson pursues claims under Washington law and the Court has federal jurisdiction

8    over the claims based on diversity jurisdiction. <u>See</u> <u>Walker v. Armco Steel Corp.</u>, 446 U.S. 740,

9    752-53 (1980) (noting that "state service requirements which are an integral part of the state

10   statute of limitations should control in an action based on state law which is filed in federal court

11   under diversity jurisdiction"). Under Washington law, legal malpractice claims are subject to a

12   three year statute of limitations. RCW 4.16.080(3). Under the "continuous representation"

13   doctrine, "the statute of limitations [is tolled] until the end of an attorney's representation of a

14   client in the same matter in which the alleged malpractice occurred." <u>Janicki Logging & Const.</u>

15   <u>Co. v. Schwabe, Williamson & Wyatt, P.C.</u>, 109 Wn. App. 655, 661, 663-64 (2001).

16   Additionally, as to service of process, Washington law requires Plaintiff to complete service

17   within 90 days of the filing of the complaint. RCW 4.16.170. And Washington law makes clear

18   that if "service is not so made, the action shall be deemed to not have been commenced for

19   purposes of tolling the statute of limitations." <u>Id.</u> "Washington courts have repeatedly held that

20   the filing of a complaint does not constitute the commencement of an action for the purposes of

21   tolling the statute of limitations." <u>O'Neill v. Farmers Ins. Co. of Washington</u>, 124 Wn. App. 516,

22   523 (2004).

23

24

Peterson's claims here are time barred because he failed to serve his complaint on Defendants before the statute of limitations expired on August 5, 2024. As Peterson's Complaint demonstrates, Peterson was aware that he needed to commence this action by August 5, 2024. While he did so, he did not effectuate service of process on Defendants—a point he does not contest. Under Washington law, by having failed to complete service within 90 days of filing the Complaint, the action must be deemed not to have commenced for purposes of tolling the statute of limitations. See RCW 4.16.170. This means that Peterson's claims are untimely and must be dismissed under Washington law. See RCW 4.16.080(3). Accordingly, the Court GRANTS the Motion and DISMISSES this action as untimely.

**C.    No Equitable Tolling**

The Court does not find that equitable tolling should apply to save Peterson's claims.

"Equitable tolling and other equitable doctrines grew naturally out of the humane desire to relieve [parties] under special circumstances from the harshness of strict legal rules." Fowler v. Guerin, 200 Wn.2d 110, 118 (2022) (citation and quotation omitted). As an "extraordinary form of relief . . . equitable tolling is appropriate only when it is consistent with the purposes underlying the governing statutory rules and when justice demands a departure from those rules." Id. As is relevant here, the Washington Supreme Court has explained that "statutes of limitation reflect the importance of finality and settled expectations in our civil justice system" and that "[a] statutory time bar is a legislative declaration of public policy which the courts can do no less than respect, with rare equitable exceptions." Id. (citation and quotation omitted). Under Washington, four conditions "must be present" for equitable tolling of the statute of limitations to apply: (1) "when justice requires," (2) "bad faith, deception, or false assurances by the defendant," (3) "the exercise of diligence by the plaintiff," and (4) when tolling is "consistent

1    with both the purpose of the statute providing the cause of action and the purpose of the statute

2    of limitations." <u>Id.</u> at 120 (citation and quotation omitted).

3          Peterson fails to demonstrate why his claims can be properly equitably tolled due to his

4    failure to complete service process. He identifies no bad faith, deception, or false assurances

5    from Defendants. Defendants repeatedly noted their disagreement with the adequacy of service

6    and put Peterson on notice of the issue within a time-frame that could have allowed him to

7    timely complete service. And Peterson has not shown diligence. Instead, he claims that he relied

8    on "instructions provided by the clerk . . . [that] the defendant would be notified automatically as

9    part of the process." (Opp. at 3.) But Peterson does not state the clerk made any representations

10   about actual service of process. Moreover, the Western District of Washington's website

11   provides substantial information to <u>pro se</u> litigants, such as Peterson, on the steps needed to

12   commence a legal action, including service. <u>See</u> Pro Se Guide to Filing Your Lawsuit in Federal

13   Court, pages 23-25, available at

14   https://www.wawd.uscourts.gov/sites/wawd/files/ProSeGuidetoFilingYourLawsuitinFederalCour

15   t.pdf (last visited on April 2, 2025). Peterson had the resources available to him. Third, Peterson

16   has not identified how equitably tolling the statute of limitations here would abide by the interest

17   of finality that statutes of limitations enshrine. <u>See</u> <u>Fowler</u>, 200 Wn.2d at 118. Fourth, while the

18   Court understands that Peterson is <u>pro se</u> and that the civil rules can be difficult to understand, it

19   does not find that the interest of justice here support equitably tolling the statute of limitations.

20   And the Court's sympathies to Peterson's plight would not justify tolling the statute further, as

21   the other three factors here do not support equitable tolling.

22

23

24

1

**CONCLUSION**

2          The Court finds that Peterson's Complaint was not timely filed and that this action is

3   barred by the statute of limitations. Equitable tolling cannot be invoked to save Peterson's

4   claims. The Court therefore GRANTS the Motion to Dismiss and DISMISSES this action with

5   prejudice as barred by the statute of limitations.

6          The clerk is ordered to provide copies of this order to Peterson and all counsel.

7          Dated April 2, 2025.

8

9                                        Marsha J. Pechman
                                         United States Senior District Judge

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

ORDER GRANTING MOTION TO DISMISS - 7